IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ONEWEST BANK FSB,

    Plaintiff,                                   No. CIV S-10-1683 JAM DAD PS

    vs.

DOMINADOR C. IGNACIO, et al.,

    Defendants.                         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

           Plaintiff OneWest Bank FSB filed an unlawful detainer action against defendant Dominador C. Ignacio and Does 1 - 100 in the San Joaquin County Superior Court on November 9, 2009. On June 30, 2010, the defendant, proceeding pro se, removed the case to this court and paid the required filing fee. The case has been referred to the undersigned pursuant to Local Rule 302(c)(21) for all purposes encompassed by that provision.

           Defendant Ignacio alleges that plaintiff sold him an illegal loan product that inevitably led to a mortgage foreclosure and that plaintiff now seeks to evict defendant. Defendant contends that plaintiff's mortgage activities were subject to federal law, including the Truth in Lending Act and the Real Estate Settlement Procedures Act, and that plaintiff's violations of those laws, as well as state laws, rendered the loan illegal. Defendant argues that plaintiff's unlawful detainer action should be removed to federal court "so that the underlying

title claims made pursuant to Federal and State law may be adjudicated." The civil cover sheet attached to defendant's notice of removal identifies "federal question" as the basis of jurisdiction.

The general removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks omitted). Simply put, "an action must 'be fit for federal adjudication when the removal petition is filed.'" Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998).

District courts are required to presume that the plaintiff's causes of action lie outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Hunter, 582 F.3d at 1042. Because removal is permissible only where original jurisdiction exists at the time of removal, the district court has a duty to establish sua sponte whether it has subject matter jurisdiction over a removed action. United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); Sparta Surgical Corp, 159 F.3d at 1211.

The removal statutes are strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). A strong presumption for remand exists when the original jurisdiction of the district court is questionable. Gaus, 980 F.2d at 566.

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." Hunter, 582 F.3d at 1042. Removal based on federal question jurisdiction is proper only when a federal question is presented on the face of the

plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Hunter, 582 F.3d at 1042. More precisely, federal question jurisdiction exists only if "a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55 (9th Cir. 2009) (internal quotation marks and citations omitted).

In general, a defendant's actual or anticipated defense or counterclaim cannot supply the basis for federal question jurisdiction. Vaden v. Discover Bank, ___ U.S. ___, ___, 129 S. Ct. 1262, 1272-73 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense" or "an actual or anticipated counterclaim." ); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 & n.2 (2002) (a federal law counterclaim, even when compulsory, does not establish "arising under" jurisdiction); Great N. Ry. Co. v. Alexander, 246 U.S. 276, 281 (1918) (a case "cannot be made removable to federal court by any statement in the petition for removal or in subsequent pleadings by the defendant"); Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").

Here, a review of plaintiff's complaint reveals that the facts alleged therein do not present a basis for federal jurisdiction. The pleading is titled "Complaint in Unlawful Detainer" and asserts limited civil jurisdiction over a post-foreclosure eviction, with the amount demanded not exceeding $10,000. The ten-paragraph complaint seeks only possession of the premises and costs of suit pursuant to state statutes. Plaintiff also cites state statutes to establish its ownership of the property. Although the complaint includes an allegation that the defendants are not entitled to any protection under the federal Protecting Tenants at Foreclosure Act of 2009 because none of them are tenants under California law, this allegation is plainly made in anticipation of a defense and is not a federal claim asserted by plaintiff.

The undersigned finds that the complaint does not plead any federal claim and that plaintiff's right to relief for unlawful detainer does not depend on the resolution of any question of federal law. No basis for federal question jurisdiction arises from the defenses and counterclaims suggested by defendant Ignacio in his notice of removal. Nor does federal question jurisdiction arise from defendant's allegation that the unlawful detainer action is related to a federal class action lawsuit proceeding in this district.[1]

Defendant has not carried his burden of establishing that plaintiff has alleged any cause of action that provides this court with federal question jurisdiction.[2] The Ninth Circuit has held that "[i]f a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it." Sparta Surgical Corp., 159 F.3d at 1211.

Accordingly, IT IS RECOMMENDED that this action be summarily remanded to the San Joaquin County Superior Court for lack of jurisdiction.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, defendant may file any written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

DATED: July 2, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\onewestbank1683.f&r.remand

---

[1] The case cited by plaintiff as 2:10-at-0190 is proceeding as 2:10-cv-0374 FCD KJM. OneWest Bank FSB is not a defendant in that case. Removing defendant Dominador Ignacio is not a named plaintiff in the suit, and the case has not been certified as a class action.

[2] Defendant has not asserted diversity jurisdiction. Plaintiff's citizenship is unknown, but the complaint does not allege a sufficient amount in controversy. See 28 U.S.C. § 1332(a).